1  GORDON M. COWAN, Esq. (SBN# 1781)
   Law Office of Gordon M. Cowan
2  Mail: P.O. Box 17952
   Reno, Nevada  89511
3  Telephone 775 786 6111
   Facsimile   775 786 9797
4  Email: cowanlawoffice@gmail.com

5  Attorney for Plaintiff THOMAS F. ("TIM") FODOR

6              **IN THE UNITED STATES DISTRICT COURT**

7                      **DISTRICT OF NEVADA**

8  THOMAS F. ("TIM") FODOR,

9                     Plaintiff,
                                          **Case No.  3:10-cv-798-RCJ-VPC**
10                    vs.

11 JOHN DOE, a fictitious Defendant a.k.a.
   TAZMANIAN353 a.k.a. TAZ whose identity is
12 not verified;   PHILLIP MAURICE HICKS
   a.k.a. MARTY HICKS a.k.a. TAZMANIAN353
13 a.k.a. TAZ;  DOES II through XX, inclusive,
   BLACK & WHITE ENTITIES I through XX,
14 inclusive,

15                    Defendants.
   _____/
16
                **MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY**
17

18        Plaintiff THOMAS F. ("Tim") FODOR moves to conduct limited third party

19 discovery sufficiently to determine the true identity of the individual defendant JOHN

20 DOE a.k.a. Tazmanian353 ("Tazmanian"), to allow Plaintiff to amend his Complaint to

21 include the individual's true identity as the Defendant herein, to accomplish service of

22 process on him in accordance with the Federal Rules of Civil Procedure.

23

24        RESPECTFULLY, this 14th day of March 2011

25                                    LAW OFFICE OF GORDON M. COWAN

26                                    /S/

27                                    _____
                                      GORDON M. COWAN, attorney for
                                      Plaintiff TIM FODOR
28

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com

D. Nev. 3:10-cv-798
T. FODOR'S MOTION FOR LEAVE TO
CONDUCT THIRD PARTY DISCOVERY

1

## TABLE OF CONTENTS

2

**BACKGROUND**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

3

    *Mr. Fodor*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

4

    *Tazmanian's Offensive Blog Posting*. . . . . . . . . . . . . . . . . . . . . . . . . . Page 1

5

    *All Reasonable Efforts to Locate and Identify the Defendant*
    *have been Exhausted*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4

6

7

        Tazmanian's Anonymity Hampers the Search of his/her Identity. . Page 4

8

        Google, Inc., Operates Blogspot.com and
        Refuses to Respond to Mr. Fodor's Request for Help . . . . . . . . . . Page 4

9

        Mr. Fodor Sought to Confirm the Identity of Tazmanian
        through Marty Hicks . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 4

10

11

        Marty Hicks Evaded Service of Process and also Refused
        to Attend his Deposition in Another Internet Libel Matter in
        Which Hicks is Referred to as the Defendant, Tazmaniain353 . . . Page 6

12

13

        The Revolutions Medical Complaint Identifies Marty Hicks
        as Tazmanian353 in an Internet Libel Matter; Hicks Neither
        Admits Nor Denies He Is Tazmanian353. . . . . . . . . . . . . . . . . . . . Page 7

14

        Mr. Hicks has thus far, Evaded Service of Process in this Matter . Page 8

15

        Tazmanian's True Identity Remains Elusive. . . . . . . . . . . . . . . . . . Page 8

16

    *Civil Discovery is Likely to Enable Mr. Fodor to Identify*
    *the Defendant Who Posted the Libelous Material*. . . . . . . . . . . . . . . . Page 9

17

18

**DISCUSSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

19

    *Mr. Fodor has Taken Reasonable Steps to Both Avoid*
    *this Suit and to Determine Tazmanian's True Identity*. . . . . . . . . . . . Page 11

20

    *Tazmanian is a Real Person, a Named Defendant and a*
    *Necessary Party* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 11

21

22

    *Mr. Fodor's Complaint is able to Withstand a Motion to Dismiss*. . . Page 12

23

        The Complaint Incorporates All Elements of
        an Action for Defamation Per Se.. . . . . . . . . . . . . . . . . . . . . . . . . Page 12

24

        The Complaint Incorporates All Elements of an
        Action for Negligence and Gross Negligence . . . . . . . . . . . . . . . . Page 16

25

26

        The Complaint Incorporates All Elements of an Action
        for Intentional Interference With Prospective
        Advantage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 17

27

28

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com

D. Nev. 3:10-cv-798
T. FODOR'S MOTION FOR LEAVE TO
CONDUCT THIRD PARTY DISCOVERY

ii

**The Proposed Discovery Would Likely Lead to
Identifying Information of the Defendant Tazmanian**. . . . . . . . . . . . . Page 18

Google, Inc. (Onwer/Operator/Manager of Blogspot.com). . . . . . Page 18

Yahoo! Inc. (Owner/Operator/Manager, Yahoo! Finance) . . . . . . . Page 18

Interactive Data Corporation (Owner/Operator/Manager
of RagingBull.com). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 19

Other Host/ISPs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 19

The Specific Discovery Requests Are
Conservative and Limited. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 19

**CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 22

<u>**TABLE OF AUTHORITIES**</u>

*Statutes & Rules*

Fed.R.Civ.P. 4(e), 4(m). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 12, 23

*Cases*

*Clark County School Dist. v. Virtual Educ. Software, Inc.*,
    125 Nev. Adv. Op. 31, 213 P. 3d 496 (Nev. Aug. 6, 2009). . . . . . . . . . . . . . . Page 14, 15

*Columbia Ins. Co. v. Seescandy.com*,
    185 F.R.D. 573 (N.D. Cal. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10, 11

*Gillespie v. Civiletti*,
    629 F.2d 637 (9th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 10

*In re Anonymous Online Speakers*,
    2011 WL 61635 (9th Cir. Docket No. 09-71265, Jan. 7, 2011). . . . . . . . . . . . . . . Page 10

*K-Mart Corporation v. Washington*,
    109 Nev. 1180, 866 P.2d 274 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

*Lubin v. Kunin*,
    117 Nev. 107 17 P. 3d 422 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

*Pope v. Motel 6*,
    121 Nev. 307, 114 P.3d 277 (2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 14

*Turner v. Mandalay Sports Entm't, LLC*,
    124 Nev. 213, 180 P.3d 1172 (2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 16

*Wakefield v. Thompson*,
    177 F.3d 1160 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 9

*Wichinsky v. Mosa*,
    109 Nev. 84, 847 P. 2d 727 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Page 17

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com

1

**BACKGROUND**

2

*Mr. Fodor*

3        Mr. Fodor is a talented oil and gas geologist whose expertise involves

4   discovering oil and gas reserves that have never been discovered previously.  Until the

5   libelous posting the subject of which gives rise to this suit, Mr. Fodor enjoyed a stellar

6   reputation.

7        Mr. Fodor employs the most up-to-date geo-science when exploring for

8   undiscovered oil and gas.  Because this process is involved and expensive, Mr. Fodor

9   must raise capital to fund those exploration and discovery efforts.

10        To raise capital Mr. Fodor relies nearly entirely on the financial world including

11   financial institutions from which Mr. Fodor has, through many years of nurturing,

12   developed into many successful business funding relationships.

13        Mr. Fodor's achievement in maintaining important financial relationships is

14   attributed to his reputation as an honest, morally sound and trustworthy individual and

15   also to his reputation in having been successful in his exploratory methods.  Without a

16   "squeaky clean" reputation based in honesty, integrity, moral soundness and trust, Mr.

17   Fodor would lose his ability to raise capital and attract partnerships to fund his

18   exploration efforts.  Without a sound reputation based in honesty, integrity, moral

19   soundness and trust, particularly in the high risk endeavors involving oil and gas

20   exploration, Mr. Fodor would be "out of business" in short order.  One's reputation for

21   honesty, integrity, moral soundness and trust is an absolute prerequisite among those

22   desiring to finance the type exploratory efforts in which Mr. Fodor engages.

23   *Tazmanian's Offensive Blog Posting*

24        Plaintiff recently became aware of a blog[1] posting dated December 23, 2008,

25

26        [1]  A "blog," short for "web log," is a web page or web posting on the internet that
27   serves as a publicly accessible and publicly published, personal journal of individuals
     who desire to post information and messages on the internet.  Those who "blog" are
28   sometimes referred to as "bloggers."

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
*www.cowanlaw.com*

posted on "Blogspot.com"[2]  by an individual known only as Tazmanian.

The subject of Tazmanian's blog posting implicates Mr. Paul Staub, a Pennsylvania attorney, in criminal activity to defraud investors.  The blog posting references, "serious crimes," "scammed ... investors," a "cover up,"  that, "a lot of money was stolen," a, "fraud," and it characterizes Mr. Staub as "the con of con artists." The blog posting identifies a trial date for Mr. Staub for his criminal misgivings.

Although Tazmanian's focus was directed toward Mr. Staub, the blog posting didn't stop there.  For some reason not known to Mr. Fodor, Tazmanian chose to expand his rant against Mr. Fodor by dragging Mr. Fodor's name into the mix of alleged criminal activity when denigrating Mr. Staub.

In identifying Mr. Fodor by name in three instances within the same blog posting, Tazmanian falsely and recklessly implicates Mr. Fodor as a criminal aider and abetter of Mr. Staub's criminal fraud toward investors.

In an offensive statement that is offered as fact, not "opinion," Tazmanian falsely and recklessly states that Mr. Fodor, "has been involved from the beginning by aiding Paul Staub, Jr. thus perpetuating the fraud."[3]  Tazmanian concludes by stating, "[A]ny information you have on *these individuals* would be greatly appreciated."  (Emphasis). The statement to "these individuals" clearly references Mr. Fodor a fourth time (although not by name), further implicating Mr. Fodor into Staub's criminal activities.

The entire posting with Mr. Fodor's name omitted, reads as follows:

> Looking for comments back from others that have been
>
> scammed by Paul Staub, Jr. He came looking for investors
>
> in oil exploration projects with *[material intentionally*

---

[2]  "Blogspot.com" is a weblog or blog hosting service or blog publishing service that facilitates individuals or bloggers who desire to publish their blogs on the internet.

[3]  Tazmanian's statements are found verbatim by logging onto the internet at www.google.com.  If one searches "Tim Fodor," or "Thomas F. Fodor," the very first search result listed is the offensive blog posting by Tazmanian.  Choosing the listed item would bring the inquirer to the heretofore mentioned blog posting.

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com
-2-
D. Nev. 3:10-cv-798
T. FODOR'S MOTION FOR LEAVE TO
CONDUCT THIRD PARTY DISCOVERY

1   *omitted]* of Nevada.  We later learned that Paul Staub, Jr.

2   has been charged with 5 serious crimes in Pennsylvania and

3   his trial date is February 19, 2009. It is plastered in all the

4   local news in the Pittsburgh area if you simply Google his

5   name. Paul made his situation much worse for himself by

6   using investor money in shallow attempts to cover up his

7   crimes. Luckily he got caught but not until a lot of money

8   was stolen and time wasted. *[material intentionally*

9   *omitted] has been involved from the beginning by aiding*

10   *Paul Staub, Jr. thus perpetuating the fraud.*  We have been

11   told that *[material intentionally omitted]* is related to Paul

12   Staub and we are trying to find out those details as well.  If

13   you are approached by Paul Stuab, please remember that

14   he is the con of con artists and is an attorney, at least for

15   now. Any information you have on these individuals would

16   be greatly appreciated.

17   (From web posting, "www.tazmanian353.blogspot.com") (Emphasis).

18   The devastating issue for Mr. Fodor is this: Tazmanian's blog posting is

19   published in a medium accessed by Billions of users daily.[4]  The offensive blog posting

20   remains the first listed item of results when one searches Mr. Fodor's name on

21   Google's search engine.

22   It is this very blog posting by Tazmanian353, which falsely accuses Mr. Fodor in

23   criminal and dishonest activity, that precipitates this lawsuit.

24

25

26

27   _____

28   [4]  Without taking into account other "web search engines," Google's "web search engine" alone receives an estimated 1.5 billion "hits" or visits per day.

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
*www.cowanlaw.com*

-3-

*D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

1  ***All Reasonable Efforts to Locate and Identify***
***the Defendant have been Exhausted***

2

3  *Tazmanian's Anonymity Hampers the Search of his/her Identity*

4  The offensive message is posted anonymously. There is no contact information

5  accompanying the blog posting relative to the true identity of the individual who

6  authored and published the offensive blog posting.  Only Tazmanian353 is referenced.

7

*Google, Inc., Operates Blogspot.com and Refuses*
8  *to Respond to Mr. Fodor's Request for Help*

9  "Blogspot.com" is managed, operated, run or otherwise controlled by Google,

10  Inc. ("Google").   "Blogspot" and "blogspot.com" are brand names, service names, trade

11  names, trademarks or service marks currently owned by Google.  See "Blogger Terms

12  of Service," p. 4, paragraph 8, "Publicity," at **Exhibit "1"** attached.

13  Plaintiff sought informal help from Google in an attempt at removing the

14  offensive blog.  Mr. Fodor alternatively sought from Google, the identity of Tazmanian.

15  See correspondence to Google at **Exhibit "2"** attached.  Google chooses to refuse Mr.

16  Fodor's request for help by simply ignoring him.

17  Mr. Fodor even offered to provide Google his personal information including a

18  credit check, personal and business references, background check, bank references or

19  whatever Google might deem necessary from him to assure Google of Mr. Fodor's

20  otherwise stellar business background and reputation, to cause removal of the posting

21  or to cause Google to provide information leading to Tazmanian's identity.  See

22  correspondence to Google at **Exhibit "2"** attached.  Google chose not to respond.

23

24  *Mr. Fodor Sought to Confirm the Identity of Tazmanian through Marty Hicks*

25  Plaintiff has information not yet verified, that Tazmanian353 may be one-and-

26  the-same as a Mr. Marty Hicks or Phillip Maurice Hicks.  Mr. Hicks resides in South

27  Carolina.  Mr. Hicks is a named Defendant herein.

28  The undersigned sent letters (contents of which are at **Exhibit "3"** attached) to

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
*www.cowanlaw.com*

-4-

*D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

1   Mr. Hicks where internet sources indicate Mr Hicks does business and accepts his mail.

2   The addresses obtained from the internet for Mr. Hicks are as follows:

3              Marty Hicks
             CFO Bridge LLC
4            HH Venture Capital LLC
             295 Seven Farms Dr., Suite 211
5            Daniel Island, SC 29464

6            Marty Hicks
             HH Venture Capital LLC
7            P.O. Box 681
             Mt. Pleasant, SC 29465

8

9          The letter sent to P.O. Box 681 in Mt. Pleasant, South Carolina, was returned

10   as undeliverable.  See copy of returned envelope at **Exhibit "4"**  attached.  The

11   letter addressed to Mr. Hicks at 295 Seven Farms Dr., Suite 211 in Daniel Island,

12   was not returned.  However, Plaintiff has since been advised by others who sought

13   to serve Mr. Hicks with process (for his other libelous internet postings), that the

14   address, 295 Seven Farms Dr., Suite 211 in Daniel Island, South Carolina, is in

15   actuality, a private post office box, not a true physical location of a working office as

16   the address would otherwise indicate.  See Declaration of Jackson Bucher at

17   **Exhibit "5"** attached.

18         The letter to Mr. Hicks from the undersigned (**Exhibit "3"**) seeks to confirm

19   his identity as Tazmanian353.  Apparently choosing to avoid a response to the

20   inquiry, Mr. Hicks has neither acknowledged nor denounced his identity as

21   Tazmanian353.

22         Mr. Fodor's prior counsel in Pennsylvania, William Knestrick, Esq., attempted

23   to contact Mr. Hicks.  Attorney Knestrick, also believing Hicks may be one-and-the-

24   same as Tazmanian353, sent a letter to Hicks via the U.S. mail with first class

25   postage prepaid, to the address, 295 Seven Farms Dr., Daniel Island, SC

26   29464.  This letter was never returned.  Knestrick never received a response.

27         Attorney Knestrick also retained a process server who had become aware of

28   Mr. Hicks' residential location.  The process server, Mr. Jackson Bucher, knocked on

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com
                                    -5-

D. Nev. 3:10-cv-798
T. FODOR'S MOTION FOR LEAVE TO
CONDUCT THIRD PARTY DISCOVERY

1   the door at an address in Mt. Pleasant, South Carolina where Mr. Hicks was located,

2   to deliver Knestrick's letter.  No one answered although there were clear indication

3   that someone was within the residence.  Mr. Jackson Bucher taped Knestrick's letter

4   (**Exhibit "6"**) to the door of Hicks' residence.  Mr. Bucher then parked some distance

5   away with a clear view of the residence, to observe what might next transpire.

6   Following some lengthy period, Mr. Bucher observed the door to the residence open

7   and a gentleman believed to be Marty Hicks, stepped out, removed the letter that

8   Bucher had taped to the door, and disappeared back inside the residence with

9   Knestrick's letter in hand.  Attorney Knestrick never heard from Hicks.  Knestrick

10   never linked the identity of Tazmanian353 to Hicks.[5]

11       The effort of Mr. Jackson Bucher to provide Hicks with Knestrick's letter

12   (**Exhibit "6"**) is described in **Exhibit "5."**

13

14       *Marty Hicks Evaded Service of Process and also Refused to*
         *Attend his Deposition in Another Internet Libel Matter in*
15       *Which Hicks is Referred to as the Defendant, Tazmaniain353*

16   Hicks and Tazmanian353 are target defendants in another internet libel case.

17       Mr. Jackson Bucher also attempted to serve Mr. Hicks with the Summons and

18   Complaint of an internet libel case pending against Hicks in South Carolina as,

19   *Revolutons Medical Corporation, Rondaldo L. Wheet, and Thomas O'Brien, Plaintiffs,*

20   *vs. Philip Maurice Hicks a.k.a Marty Hicks, a.k.a tazmanian353, a.k.a. Taz,*

21   *Defendant* (Case 2010-CP-10-7659, Court of Common Pleas, Ninth Judicial District,

22   County of Charleston, State of South Carolina) (*Revolutions Medical*).  See **Exhibit**

23   **"8"**.  This Complaint inferentially identifies Mr. Hicks as Tazmanian353.  The

24   *Revolutions Medical* Complaint alleges that Tazmanian353 posted libelous or

25   disparaging material about Revolutions Medical Corporation and its principals, on the

26   _____

27       [5]  Mr. Kinestrick was unavailable for his Declaration before this brief was filed, to
     outline his efforts to locate Tazmanian353 and Marty Hicks. Plaintiff intends to
28   supplement this Motion with Knestrick's Declaration if/when it becomes available.

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com                                                    -6-

D. Nev. 3:10-cv-798
T. FODOR'S MOTION FOR LEAVE TO
CONDUCT THIRD PARTY DISCOVERY

1   internet through blogs at RagingBull.com ("Raging Bull") and Yahoo! Finance.

2   When Jackson Bucher attempted to serve Mr. Hicks with the Summons and

3   Complaint in *Revolutions Medical*,  Hicks was at the time, within the same residence

4   where Jackson Bucher observed Hicks previously (when attempting to deliver

5   Knestrick's letter).  Once again, despite clear indication of Hick's presence in the

6   home, Hicks refused to acknowledge Jackson Bucher's presence at the front door.

7   Jackson Bucher then engaged the assistance of the local  County (South

8   Carolina) Sheriff's Office.  Their Deputy caused Hicks to accept the *Revolutions*

9   *Medical* Summons and Complaint.  The Deputy served the same individual at the

10   same residence where Jackson Bucher made his attempts of service previously.

11   See **Exhibit "5**.**"**

12

13   <u>*The Revolutions Medical Complaint Identifies Marty Hicks*</u>
      <u>*as Tazmanian353 in an Internet Libel Matter; Hicks Neither*</u>
14   <u>*Admits Nor Denies He Is Tazmanian353*</u>

15   The *Revolutions Medical* complaint identifies Hicks as Tazmanian353.  The

16   *Revolutions Medical* Complaint alleges that Hicks a.k.a. Tazmanian353, published

17   libelous material on the internet, targeting a medical supply company and its

18   principals.  *Revolutions Medical* Complaint at **Exhibit "8**.**"**

19   In answering the *Revolutions Medical* suit, Mr. Hicks neither admits nor denies

20   his identity as tazmanian353.  See Hicks'  "response" to the Revolutions lawsuit at

21   **Exhibit "9"** attached.

22   Mr. Stephen Bucher, attorney for Plaintiffs in *Revolutions Medical,* arranged

23   for Mr. Hicks' deposition which would have occurred two weeks past, on February 24,

24   2011.  Mr. Hicks, defending *pro se*, did not appear for his scheduled deposition.

25   See, Declaration of attorney Stephen Bucher at **Exhibit "7"** attached.  Rather than

26   participate at the scheduled deposition, Hicks sent a blistering commentary to the

27   court denigrating the legal process and objecting to his deposition.  Hicks' letter to

28   the court in *Revolutions Medical* is at **Exhibit "10"** attached.  Resultantly, the

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com

-7-

*D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

1  Plaintiffs in *Revolutions Medical* and their attorney Stephen Bucher have yet to

2  confirm Hicks' identity as one-and-the-same as Tazmanian353.

3       In summary, even those who are in close geographical proximity to Hicks,

4  must endure repeated difficulties (and offensive gestures) when seeking to make

5  contact with Hicks or to gain his attention in usual communication channels.

6

7       *Mr. Hicks has thus far, Evaded Service of Process in this Matter*

8       Jackson Bucher, the same process server as was used by Mr. Fodor's

9  Pennsylvania counsel (Knestrick), and who was retained by attorney Stephen Bucher

10 to serve Hicks with the *Revolutions Medical* suit, is retained to serve Hicks in this

11 case.  Hicks has thus far, evaded young Jackson Bucher's attempts at service.

12      In the latest attempt to serve Hicks, occurring the morning of March 10, 2011,

13 Jackson Bucher waited for Hicks some distance from an office building where Hicks

14 apparently conducts "business."  When Hicks arrived in his car, Jackson Bucher

15 began making his way toward Hicks.  Hicks spotted Bucher with papers in hand and

16 retreated to his car.  By the time Jackson Bucher made it to Hicks' car, Hicks was

17 driving off while clearly directing an ungentlemanly hand gesture toward young

18 Jackson Bucher.  See Jackson Bucher's Declaration, **Exhibit "5."**

19      In many North American cultures, Hicks offensive hand gesture is understood

20 as "flipping off" someone, or giving someone "the finger" or the "highway salute," or

21 "the bird."  The gesture non-verbally communicates the expressive message which,

22 in its most polite terms, means, "up yours."

23

24      *Tazmanian's True Identity Remains Elusive*

25      Mr. Fodor's numerous attempts at confirming Tazmanian's identity with Hicks

26 (*if* Hicks is one-and-the-same as Tazmanian) have thus far, failed.  Mr. Fodor has

27 with two separate counsel, with two separate approaches, and with formal suit thus

28 far, attempted to open lines of communication with Hicks without success.

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
*www.cowanlaw.com*
                                                    -8-

*D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

1  Mr. Fodor sought informal assistance from Google to obtain Tazmanian353's

2  true identity.  Google has chosen thus far, to ignore Mr. Fodor's call for help.

3

***Civil Discovery is Likely to Enable Mr. Fodor to Identify***
***the Defendant Who Posted the Libelous Material***

4

5  With third party discovery, Plaintiff believes he would be able to obtain

6  information sufficiently to identify those responsible for publishing the offensive blog

7  posting.

8  Plaintiff believes Google is capable of providing the individual's name, contact

9  information, IP address and related information who registered with Blogspot as

10  "Tazmanian353."

11  The *Revolutions Medical* Complaint identifies "Tazmanian353" as the blogger

12  who posted defamatory material about Revolutions Medical Corporation on the

13  internet message board, Raging Bull.  Plaintiff believes Raging Bull may potentially

14  be capable of providing the individual's name, contact information, IP address and

15  related information, who registered there as "Tazmanian353."

16  Mr. Fodor's third party discovery seeks merely to put a face and real identity

17  with the blogger known only as Tazmanian353.

18  The purpose in seeking Tazmanian's identity is legitimate where Mr. Fodor

19  needs a *real person* to serve with process in accordance with the Federal Rules of

20  Civil Procedure.  Without the *real person*, Mr. Fodor has no ability to seek justice for

21  the harm being caused him.  Without the *real person*, this case fails.

22  **<u>DISCUSSION</u>**

23  The practice of suing Doe defendants is generally disfavored in the Ninth

24  Circuit.  However, in cases where the identity of the alleged defendant is not known

25  prior to the filing of a lawsuit, "'the plaintiff should be given an opportunity through

26  discovery to identify the unknown defendants, unless it is clear that discovery would

27  not uncover the identities, or that the complaint would be dismissed on other

28  grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
<u>*www.cowanlaw.com*</u>
-9-

*D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

1   *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

2   When an anonymous Internet user is a *target defendant*, limited discovery to

3   identify the defendant may be permitted where a plaintiff:

4   (1)   identifies the missing party with sufficient specificity such that the court

5         can determine that defendant is a real person or entity who could be

6         sued in federal court;

7   (2)   identifies all previous steps taken to locate the elusive defendant;

8   (3)   establishes to the court's satisfaction that the lawsuit against the

9         defendant could withstand a motion to dismiss; and

10  (4)   states reasons justifying the specific discovery requested, and identifies

11        a limited number of persons or entities upon whom discovery might be

12        served and for which there is a reasonable likelihood that the discovery

13        will lead to identifying information about defendant that would make

14        service of process possible.

15              *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80
                (N.D. Cal. 1999) ("*Columbia*").[6]

16

17  _____

18  [6]   The Ninth Circuit Court of Appeals ("Ninth Circuit") recently visited a Nevada
     District Court matter on cross writs of mandamus.  The writs involved the revelation of

19   the true identities of five anonymous speakers who disparaged a party's business
     services.  Although denying the writs for their failure to seek extraordinary relief, the

20   Ninth Circuit provided some guidance pertaining to the anonymity of witnesses in
     discovery.  The Ninth Circuit did not however, address the instance where anonymous

21   speakers are party defendants whose participation is vital to the core of pending
     litigation, the absence of whom would most likely cause the demise of the case.

22      *In re Anonymous Online Speakers*, 2011 WL 61635 (9th Cir. Docket No. 09-

23   71265, Jan. 7, 2011) involved the district court's ordering the revelation of the true
     identities of three (of five) anonymous witnesses who disparaged the business services

24   of one of the parties.  Cross writs ensued.  The Ninth Circuit found the district court's
     bar to disclosure of the speakers' identities, too stringent, "to the highest level," and that

25   the court used a standard that "extends too far," given the context of the type speech at
     issue.  The circuit court suggests that the, "nature of the speech should be a driving

26   force in choosing [such] a standard."   The Ninth Circuit found no *apparent* error where
     the district court ordered the parties to reveal the identities of three of the anonymous

27   speakers despite the stringent standard the court employed.

28      Where the *Anonymous Online Speakers* case involved *non-party witnesses*

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com

*D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

1  ### *Mr. Fodor has Taken Reasonable Steps to Both Avoid*
   ### *this Suit and to Determine Tazmanian's True Identity*

2

3      Before delving into the *Columbia* inquiry, Plaintiff sought to avoid the court's

4  ultimate intervention.

5      The letter sent to Mr. Hicks (**Exhibit "3"**), demonstrates clearly, Mr. Fodor's

6  attempt at offering the "olive branch" to informally and discretely resolve this matter.

7  This offer of "peace," has been made futile by Mr. Hicks' choice to avoid those who

8  seek to contact him.

9      Mr. Fodor's attempts at seeking assistance from Google have likewise been

10 made futile.  Google simply chooses to ignore Mr. Fodor's request for help.

11     Mr. Fodor's attempts at contacting Mr. Hicks directly to determine (or dispel)

12 his identity as Tazmanian353, have been unsuccessful.  Others who sought

13 confirmation of Mr. Hicks' identity as Tazmanian353 have likewise been thwarted in

14 their attempts to do so, the *Revolutions Lawsuit* being the example.

15

16 ### *Tazmanian is a Real Person, a Named Defendant and a Necessary Party*

17     Plaintiff believes Tazmanian is a real person whose true identity remains

18 concealed.  Plaintiff is not aware of a method that could cause such a posting to be

19 authored artificially, without human interaction or without the human thought process.

20     Tazmanian353 *could* be Mr. Hicks although efforts thus far to discover the

21 connection have been thwarted.

22     Tazmanian is a named defendant and necessary party in this case.  Plaintiff

23 does not seek revelation of the anonymity of a non-essential person to the case, or to

24 a mere anonymous non-party witness.  Plaintiff seeks only modest information,

25

_____

26 rather than the true identity of a Defendant known only by an alias or fictitious name,
   Plaintiff believes the *Columbia Ins. Co.* decision is instructive in determining when
27 discovery is appropriate to determining the true identity of a necessary, target
28 defendant.

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com

*D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

1    sufficiently to identify the author/publisher of the libelous blog posting.

2        Tazmanian is a party herein whose contact information is essential to allow

3    Plaintiff to serve her/him with process in accordance with the Federal Rules of Civil

4    Procedure, specifically Fed.R.Civ.P. 4(e), 4(m).  Service of process on the "real

5    person" who is one-and-the-same as Tazmanian353, is essential to the survival of

6    this case should Hicks not be Tazmanian353.

7

8    ### *Mr. Fodor's Complaint is able to Withstand a Motion to Dismiss*

9        The blog posting's written factual statements that Mr. Fodor had been involved

10   with Staub's fraudulent investor rip-off scheme, is an unprivileged, false and

11   defamatory statement of fact (not opinion) which directly impugns Mr. Fodor's

12   personal and professional good character, moral fiber and honesty.  The statement

13   denigrates Mr. Fodor as an individual in his business endeavors.  The statement is

14   harmful particularly where Mr. Fodor's business relies on raising capital from

15   investors or financial institutions for oil and gas exploratory ventures.

16       On its face, the blog posting linking Mr. Fodor to criminal and civilly

17   sanctionable matters which destroys his reputation for trustworthiness, is libelous *per*

18   *se* where it impugns Mr. Fodor personally in his profession.

19       Tazmanian's blog posting is further libelous where by implication and

20   innuendo, Tazmanian weaves Mr. Fodor's name into the criminal activities of Staub

21   when referring to Mr. Fodor by name in three places within the posting and once

22   again inferentially (when referencing "these individuals").

23       Reasonable persons reading this message could clearly interpret and

24   comprehend this message in a manner that places Mr. Fodor hand-in-hand with

25   Staub in all criminal indiscretions that Tazmanian aptly associates with Staub.

26       *The Complaint Incorporates All Elements of*
27   *an Action for Defamation Per Se*

28   The Second Claim for Relief in the First Amended Complaint more clearly

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com
-12-
D. Nev. 3:10-cv-798
T. FODOR'S MOTION FOR LEAVE TO
CONDUCT THIRD PARTY DISCOVERY

defines the same claim brought in the original Complaint.  This claim seeks redress for defamation *per se*.

Mr. Fodor's pleadings and supporting exhibit identifies the libelous publication. First Amended Complaint, paragraph 17 and Exhibit 1 thereto.

The Complaint identifies the offending statements relative to Mr. Fodor.  First Amended Complaint, paragraph 18 and Exhibit 1 thereto.

The offending written statement on its face, is clearly offered factually rather than stated as mere opinion.  First Amended Complaint, paragraph 21.

The offending statement references Mr. Fodor and implicates him as an aider in another's criminal fraud toward oil and gas investors.  First Amended Complaint, paragraphs 17, 23, and Exhibit 1 thereto.

The Complaint asserts that the statement is false.  First Amended Complaint, paragraphs 2, 15, 18, 21, 23-34, 46, 54.

The Complaint alleges that the statement is not privileged.  First Amended Complaint, paragraphs 22, 24-26, 29, 46.  Tazmanian's blog posting has no privilege attached to it when implicating Mr. Fodor in criminal and civil fraud activities where the allegations of such are fabricated and delusory. First Amended Complaint, paragraph 46.

Tazmanian's statement imputes a lack of fitness on Mr. Fodor' part to be trusted with investment funds for oil and gas endeavors.  Tazmanian's statement accordingly, tends to injure Mr. Fodor's reputation both personally and in his profession. First Amended Complaint, paragraphs 15, 20, 21, 35, 38, 39, 41, 47, 49, 52-55.

The Complaint identifies how Tazmanian's statement is published to third persons.  First Amended Complaint, paragraphs 20, 22, 26, 27, 29, 41, 49.

The Complaint references the internet exposure of the published statement, where it is exposed to 1.5 Billion visitors daily within Google's search engine alone, and not taking into account the vast exposure the publication has elsewhere within

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com

-13-

D. Nev. 3:10-cv-798
T. FODOR'S MOTION FOR LEAVE TO
CONDUCT THIRD PARTY DISCOVERY

1   other internet search engines.  First Amended Complaint, paragraphs 20, 27, 45.

2          The Complaint identifies Tazmanian's statement as the very first search result

3   when one enters "Tim Fodor" to commence a "Google" search. First Amended

4   Complaint, paragraphs 19, 45.

5          The Complaint alleges that Tazmanian's efforts to publish false statements of

6   Mr. Fodor, amounts at a minimum, to negligence and gross negligence; the pleading

7   incorporates all elements of a claim for negligence (the subject of which is addressed

8   below).  First Amended Complaint, paragraphs 16-36.

9          An action for defamation requires a plaintiff to prove four elements: "(1) a false

10  and defamatory statement . . .; (2) an unprivileged publication to a third person; (3)

11  fault, amounting to at least negligence; and (4) actual or presumed damages."

12  (Internal citation omitted).  *Clark County School Dist. v. Virtual Educ. Software,*

13  *Inc.*, 125 Nev. Adv. Op. 31, 213 P. 3d 496 (Nev. Aug. 6, 2009) ("*Clark County*

14  *School*"). See, *Pope v. Motel 6*, 121 Nev. 307, 315, 114 P.3d 277, 282 (2005);

15  *Lubin v. Kunin*, 117 Nev. 107, 111, 17 P. 3d 422, 425 (2001).

16         If the defamatory communication imputes a "person's lack of fitness for trade,

17  business, or profession," or tends to injure the plaintiff in his or her business, it is

18  deemed defamatory *per se* and damages are presumed.  *K-Mart Corporation v.*

19  *Washington,* 109 Nev. 1180, 1191 n. 7, 866 P.2d 274, 282 n. 7 (1993) (receded

20  from, on other grounds by *Pope*, 121 Nev. at 316-17, 114 P.3d at 283); *accord, Clark*

21  *County School*, 125 Nev. at ____, 213 P. 3d at 503.

22         Importantly, the Second Claim for Relief seeks redress for defamation *per se*

23  and does *not* allege a claim for "business disparagement."

24         In Nevada the distinction between "defamation *per se*" and "business

25  disparagement" is this: "A claim for defamation *per se* primarily serves to protect the

26  personal reputation of an individual."  *Clark County School*, 125 Nev. at ____, 213 P.

27  3d at 504.

28         A claim for "business disparagement" seeks redress for injurious falsehoods of

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com

an entity's goods or services.

> The distinction is the basis for the difference between an
> action for defamation per se and an action for business
> disparagement. (Cite omitted).  Unlike defamation per se,
> communications constituting business disparagement are
> not directed at an individual's personal reputation; rather
> they are injurious falsehoods that interfere with the
> plaintiff's business and are aimed at the business's goods
> or services. (Citation omitted).  Thus, if a statement
> accuses an individual of personal misconduct in his or her
> business or attacks the individual's business reputation,
> the claim may be one for defamation per se; however, if
> the statement is directed towards the quality of the
> individual's product or services, the claim is one for
> business disparagement.

*Clark County School*, 125 Nev. at ____, 213 P. 3d at 504.

Tazmanian's offensive posting is defamatory *per se* where it targets Mr. Fodor personally, when falsely stating that Mr. Fodor, as a person, had, "*been involved from the beginning by aiding Paul Staub, Jr. thus perpetuating the fraud,*" and where the statement infers further throughout the posting, that Mr. Fodor maintained a criminal association with Mr. Staub to defraud and "rip off" investors.

These statements clearly do not denigrate Mr. Fodor's services or successes in discovering oil and gas reserves which would serve to prove a "business disparagement" case.  Rather, Tazmanian's statements involve a clear character assassination directed toward Mr. Fodor personally, which through surreal folly, viciously places Mr. Fodor in a criminal scheme to defraud investors interested in funding oil and gas exploratory efforts.

The blog posting is a personal attack on Mr. Fodor's moral fiber rather than his

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com
-15-

D. Nev. 3:10-cv-798
T. FODOR'S MOTION FOR LEAVE TO
CONDUCT THIRD PARTY DISCOVERY

1   successes as an oil and gas geologist.  In turn, Tazmanian's statements destroy

2   Fodor's capacity to attract investors for his oil and gas exploratory ventures because

3   Tazmanian says inferentially and falsely that Fodor is a criminal and a cheat, and

4   that he is aiding a "fraud," and that he is untrustworthy.  Although Tazmanian says

5   directly that Mr. Fodor is "perpetuating the fraud," the implied "between the lines,"

6   unwritten message underlying the offensive blog message tells investors to exercise

7   grave caution and that they should stay far away from Mr. Fodor.

8       Most offensive is the libelous publication is potentially exposed to Billions of

9   persons daily.  The posting remains prominently displayed on www.google.com,

10  Google's "web search engine," as the very first listed item for a search of Mr. Fodor's

11  name; and it continues in this most prominent position more than two years following

12  the posting, even as of this writing.  One needs only to place the words "Tim Fodor"

13  in Google's search engine to confirm this phenomenon.

14
15      *The Complaint Incorporates All Elements of an*
        *Action for Negligence and Gross Negligence*

16      The First Claim for Relief in the Amended Complaint more clearly defines the

17  same claim brought in the original Complaint.  Although styled "Gross Negligence,"

18  this claim incorporates both negligence and gross negligence claims.

19      A prima facie claim for negligence consists of four elements: "(1) an existing

20  duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay*

21  *Sports Entm't, LLC,* 124 Nev. 213, 217, 180 P.3d 1172, 1175 (2008).

22      The Complaint, among other allegations, avers that the Defendants owed a

23  duty to Plaintiff to refrain from publishing false, defamatory, libelous, outrageous,

24  unprivileged matters of Plaintiff to third parties and also to refrain from falsely

25  implicating Plaintiff in criminal behavior and acts of dishonesty.  First Amended

26  Complaint, paragraphs 16 - 25.

27      The Complaint clearly outlines breaches of these duties.  First Amended

28  Complaint, paragraphs 26 - 34.

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com
                                                    -16-
                                                            D. Nev. 3:10-cv-798
                                                    T. FODOR'S MOTION FOR LEAVE TO
                                                    CONDUCT THIRD PARTY DISCOVERY

1    The Complaint avers both causation and damages resultant of the

2    Defendants' negligence.  First Amended Complaint, paragraphs 35 - 36.

3
            *The Complaint Incorporates All Elements of an Action*
4           *for Intentional Interference With Prospective Advantage*

5    The Third Claim for Relief in the Amended Complaint more clearly defines the

6    same claim brought in the original Complaint.  This claim seeks redress for

7    intentional interference with prospective advantage.

8    The claim for "intentional interference with prospective economic advantage"

9    requires the following elements: "(1) a prospective contractual relationship between

10   the plaintiff and a third party; (2) knowledge by the defendant of the prospective

11   relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) absence

12   of privilege or justification by the defendant; and (5) actual harm to the plaintiff . . . ."

13   *Wichinsky v. Mosa*, 109 Nev. 84, 88, 847 P. 2d 727, 729-30 (1993).

14   The Amended Complaint alleges that Plaintiff maintained private, prospective

15   contractual relationships with certain third persons and institutions who facilitated

16   Plaintiff's oil and gas exploratory efforts, and that these relationships remained

17   healthy prior to the Defendants' libelous publication over the internet.  First Amended

18   Complaint, paragraph 43.

19   The Amended Complaint alleges the defendants had knowledge of the

20   Plaintiff's prospective economic relationships and knew the Plaintiff relied on them to

21   sustain his oil and gas exploratory efforts. First Amended Complaint, paragraph 44.

22   The Amended Complaint alleges the Defendants published the libelous

23   material intending to disrupt and harm those relationships.  First Amended

24   Complaint, paragraph 45.

25   The Amended Complaint alleges, "[T]here is no privilege or justification

26   whatsoever on the defendants' part in falsely imputing criminal activity to the Plaintiff,

27   in falsely imputing acts of dishonesty to the Plaintiff, and in falsely contending the

28   Plaintiff aided another in a scheme to defraud investors . . . ."   First Amended

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
*www.cowanlaw.com*                                                              *D. Nev. 3:10-cv-798*
                                                              *T. FODOR'S MOTION FOR LEAVE TO*
                      -17-                                      *CONDUCT THIRD PARTY DISCOVERY*

1    Complaint, paragraph 46.

2         The Amended Complaint describes the Plaintiff's harm as the result of the

3    libelous publication.  First Amended Complaint, paragraphs 47- 48.

4
     ***The Proposed Discovery Would Likely Lead to***
5    ***Identifying Information of the Defendant Tazmanian***

6         *Google, Inc. (Onwer/Operator/Manager of Blogspot.com)*

7         Plaintiff merely asks to discover from third parties, starting first with Google,

8    Inc., sufficient information to obtain the true identity of Tazmanian353 and his last

9    known location and contact information.

10        The request to Google would appear fruitful in obtaining Tazmanian353's true

11   identity where Google owns/operates/manages blogspot.com.  Blogspot.com is the

12   location from where the libelous material against Mr. Fodor was disseminated by

13   Tazmanian353.

14        Presumably, Google maintains registration information on Tazmanian353

15   sufficiently to identify this individual.  Plaintiff believes individuals could not place

16   postings on Blogspot.com unless they submitted registration information of

17   themselves to Blogspot, beforehand.

18

19        *Yahoo! Inc. (Owner/Operator/Manager of Yahoo! Finance*

20        Yahoo! Inc. ("Yahoo") is the owner/operator/manager of Yahoo! Finance.

21   Yahoo! Finance is a service from Yahoo that provides financial information and

22   news.  Tazmanian353 posted defamatory matter about Revolutions Medical on

23   Yahoo! Finance, according to the *Revolutions Medical* lawsuit (**Exhibit "8"**).

24        Presumably, Yahoo (or the owners/operators/managers of Yahoo! Finance)

25   maintains registration information on Tazmanian353 sufficiently to identify this

26   individual.  Plaintiff believes individuals could not place postings on Yahoo! Finance

27   unless they submit registration information of themselves beforehand.

28

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
www.cowanlaw.com
                                    -18-                                    *D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

1

*Interactive Data Corporation (Owner/Operator/Manager of RagingBull.com)*

2      Interactive Data Corporation ("IDC") is the currently known

3   owner/operator/manager of RagingBull.com.  Raging Bull is a website offering

4   message boards to stock market investors and others interested in reading or posting

5   relevant information on various financial matters.

6      Tazmanian353 has been a frequent poster at this website.  Raging Bull is

7   where Tazmanian353 posted alleged defamatory material against *Revolutions*

8   *Medical*, according to the *Revolutions Medical* Complaint.  **Exhibit "9"** attached.

9      Presumably, IDC (or the owners/operators/managers of RagingBull.com)

10  maintains registration information on Tazmanian353 sufficiently to identify this

11  individual.  Plaintiff believes individuals could not place postings on RagingBull.com

12  unless they submitted registration information of themselves to RagingBull.com,

13  beforehand.

14

15      *Other Host/ISPs*

16      Should the information received from Google and/or IDC be insufficient to

17  adequately identify Tazmanian353, but nevertheless lead to the identification of other

18  host/ISP type sources, in that event, Plaintiff asks permission to subpoena those

19  sources as well, seeking the same type information relative to Tazmanian353 as

20  would be sought from Google, blogspot, Raging Bull and/or IDC..

21

22      *The Specific Discovery Requests Are Conservative and Limited*

23      Specifically, Plaintiff asks permission to subpoena the corporate

24  representative(s) of Google, Inc. and/or Blogspot.com, Yahoo! Inc. and/or Yahoo!

25  Finance, IDC and/or RagingBull.com.

26      Should information obtained from those sources be insufficient to identify the

27  true identity of person posing as Tazmanian353, in that event Plaintiff asks

28

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
*www.cowanlaw.com*

*D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

permission to subpoena the corporate representative(s) of other host/ISP operators identified in the process of obtaining information from Google, Blogspot, RagingBull and IDC.

Plaintiff requests the following methods of discovery:  (1) for attendance at depositions in accordance with Fed.R.Civ.P. Rules 30(b)(6) and 45, of the corporate representative(s) of Google, Inc. and/or Blogspot.com, Yahoo! Inc. and/or Yahoo! Finance, IDC and/or RagingBull.com and perhaps other host/ISP operators as may be required, to testify to the following matters via deposition examination and to produce documents relative to the following matters:

1.   Registration information for Tazmanian353, in possession of, or under control of the organizations and host/ISPs listed above (i.e. Google and Blogspot, Yahoo! and Yahoo! Finance, IDC and Raging Bull, and if necessary, other host/ISPs);

2.   Name, address, telephone, fax, email and other contact information of Tazmanian353, in possession of, or under control of the organizations and host/ISPs listed above (i.e. Google and Blogspot, Yahoo! and Yahoo! Finance, IDC and Raging Bull, and if necessary, other host/ISPs);

3.   Assignment, billing and payment information for Tazmanian353 (but excluding credit/debit card number, expiration date and security number information, and excluding banking information, and excluding Social Security number) in possession of, or under control of the organizations and host/ISPs listed above (i.e. Google and Blogspot, Yahoo! and Yahoo! Finance, IDC and Raging Bull, and if necessary, other host/ISPs);

4.   Source IP addresses information for Tazmanian353, in possession of, or under control of the organizations and host/ISPs listed above (i.e.

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com

-20-

D. Nev. 3:10-cv-798
T. FODOR'S MOTION FOR LEAVE TO
CONDUCT THIRD PARTY DISCOVERY

1   Google and Blogspot, Yahoo! and Yahoo! Finance, IDC and Raging
2   Bull, and if necessary, other host/ISPs);

3   5.   Log files noting dates and times of activity by Tazmanian353, and to
4        whom the IP address for Tazmanian353 purportedly belongs, in
5        possession of, or under control of the organizations and host/ISPs
6        listed above (i.e. Google and Blogspot, Yahoo! and Yahoo! Finance,
7        IDC and Raging Bull, and if necessary, other host/ISPs);

8   6.   Other source IP addresses through which Tazmanian353 has
9        registered or used, or with which he/she signed-on, when posting or
10       gaining access to the organizations and hosts/ISPs listed above (i.e.
11       Google and Blogspot, Yahoo! and Yahoo! Finance, IDC and Raging
12       Bull, and if necessary, other host/ISPs);

13  7.   IP addresses for Tazmanian353 that the organizations and hosts/ISPs
14       listed above (i.e. Google and Blogspot, Yahoo! and Yahoo! Finance,
15       IDC and Raging Bull, and if necessary, other host/ISPs) have assigned
16       to others.

17  Should the court grant this Motion, Plaintiff anticipates issuing such

18  Subpoenas from this court for the attendance of such representatives at depositions

19  in locations within 100 miles from their respective corporate headquarters. Google is

20  in Mountain View, California, Yahoo! is located in Sunnyvale, California, and

21  Interactive Data Corporation is headquartered in Bedford, Massachusetts.

22  Upon receiving information Plaintiff considers sufficient to determine the real

23  or true identity of the Defendant John Doe a.k.a. Tazmanian353, at that point,

24  Plaintiff would cease further discovery efforts.  At that time also, Plaintiff would ask

25  for permission to File a Second Amended Complaint substituting the true

26  name/identity of the individual known only as Tazmanian353, currently.

27  Plaintiff further requests permission to obtain the deposition of an individual

28

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
www.cowanlaw.com
-21-

*D. Nev. 3:10-cv-798*
*T. FODOR'S MOTION FOR LEAVE TO*
*CONDUCT THIRD PARTY DISCOVERY*

1  currently residing in Ohio whom, Plaintiff is informed and believes, has information on

2  the true identity of the person posing as Tazmanian353.

3

4                              **CONCLUSION**

5        A reading of **Exhibit "3"** attached, demonstrates the clear desire of Mr. Fodor

6  to put a quick end to this matter without further litigation.  Mr. Fodor sought every

7  means possible to avoid court intervention but to no avail.  The terms Mr. Fodor

8  offered to Tazmanian353 were as follows:

9              Please permanently remove the blog posted
             December 23, 2008 by Tazmanian at
10            Tazmanian353.blogspot.com.

11                           *   *   *
             A demonstration to my satisfaction that you
12            successfully removed the offending post
             which includes Mr. Fodor's name would
13            cause us to shake hands and conclude the
             matter.  The case would be dismissed
14            without prejudice.  No strings are attached.
             It's that simple.  If you desire a release,
15            that's fine so long as it is mutual.

                                                    **Exhibit "3"**

16  To date, there is no response from Mr. Hicks to this offer.[7]

17        For reasons stated, the requested relief is appropriate where the individual

18  causing the harm remains fictitious and elusive, where third parties likely have

19  information relative to the individual's true identity, and where the requested

20  discovery is conservative, limited and pointed solely to gain information sufficiently to

21  locate the fictitious individual and to substitute his/her real name in place of his/her

22  fictitious name, so the real person who authored and published the libelous material

23

24

25

26  _____

27        [7]   At least as of this writing, this same offer to Tazmanian remains viable so long
    as the offensive posting with Mr. Fodor's name is immediately removed from
28  blogspot.com and elsewhere on the internet.

Gordon M. Cowan Esq
Mail P.O. Box 17952
Reno, NV 89511
Ph 775 786 6111
www.cowanlaw.com
                                                    D. Nev. 3:10-cv-798
                                            T. FODOR'S MOTION FOR LEAVE TO
                              -22-            CONDUCT THIRD PARTY DISCOVERY

1  may be served with process in accordance with Fed. R. Civ. Pro. 4(e) and 4(m).

2         Respectfully, this 14th day of March 2011

3                                    LAW OFFICE OF GORDON M. COWAN

4

5                                    /S/

6                                    _____
                                     Gordon M. Cowan,  Attorney for
                                     Plaintiff THOMAS F. FODOR

7

8  *Attachments:*

9  Exhibit 1:    Blogger (Blogspot) terms
   Exhibit 2:    Correspondence Gordon Cowan to Google, Inc.
10 Exhibit 3:    Correspondence Gordon Cowan to Mr. Hicks
   Exhibit 4:    Returned envelope (undeliverable) to Mr. Hicks (P.O. Box 681 address)
11 Exhibit 5:    Mr. Jackson Bucher's Declaration
   Exhibit 6:    William Knestrick's letter to Hicks
12 Exhibit 7:    Mr. Stephen Bucher's Declaration
   Exhibit 8:    *Revolutions Medical* Complaint
13 Exhibit 9:    Hicks' Response to *Revolutions Medical* Complaint
   Exhibit 10:   Hicks' Response to his Deposition Appearance in *Revolutions Medical*
14 Exhibit 11:   Declaration of Gordon Cowan

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Gordon M. Cowan Esq*
*Mail P.O. Box 17952*
*Reno, NV 89511*
*Ph 775 786 6111*
*www.cowanlaw.com*

                                                    *D. Nev. 3:10-cv-798*
                                          *T. FODOR'S MOTION FOR LEAVE TO*
                                        *CONDUCT THIRD PARTY DISCOVERY*
-23-